STATE OF NEBRASKA EX REL. CREIGHTON UNIVERSITY, A NEBRASKA NONPROFIT CORPORATION, RELATOR, v. HONORABLE PAUL J. HICKMAN, JUDGE, DISTRICT COURT FOR DOUGLAS COUNTY, NEBRASKA, RESPONDENT.

512 N.W.2d 374

Filed February 25, 1994.    No. S-93-489.

Joseph K. Meusey and Roger L. Shiffermiller, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for relator.

Don Stenberg, Attorney General, and Charles E. Lowe for respondent.

William A. Brewer III and John W. Bickel II, of Bickel & Brewer, and Gerald P. Laughlin, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, for amici curiae American Medical International, Inc., and AMISUB (Saint Joseph Hospital), Inc.

HASTINGS, C.J., BOSLAUGH, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired, and RONIN, D.J., Retired.

LANPHIER, J.

Relator, Creighton University (Creighton), in this original action seeks a writ of mandamus compelling respondent, the Honorable Paul J. Hickman, judge (now retired) of the district court for Douglas County, Nebraska, to enter an order disqualifying the law firm of Bickel & Brewer from

representing American Medical International, Inc. (AMI), and AMISUB (St. Joseph Hospital), Inc., defendants in a lawsuit before Judge Hickman brought by Creighton.

The question as to disqualification comes about because Bickel & Brewer retained, as temporary clerical help, a disbarred attorney who had previously worked as an attorney representing the opposing party, Creighton, on the matter now being litigated. Bickel & Brewer used this former attorney to assist in discovery against Creighton in the same proceeding. We hold that disqualification is proper under such circumstances and that the requested writ shall issue.

## BACKGROUND

On March 20, 1992, Creighton, represented by the firm of McGrath, North, Mullin & Kratz (McGrath, North), filed an amended petition against AMI and AMISUB. The underlying action, Creighton University v. American Medical International, Inc. and AMISUB (St. Joseph Hospital), Inc., Douglas County District Court, docket 886, page 631, concerned the specific performance of AMI and AMISUB's obligations under an agreement in which AMISUB ultimately acquired St. Joseph Hospital and St. Joseph Center for Mental Health. AMI and AMISUB retained the law firm of Bickel & Brewer to represent them.

Bickel & Brewer, a Texas law firm, was admitted pro hac vice. Bickel & Brewer leased office space in Omaha and relocated several attorneys, secretaries, and other support staff there. As a result of discovery, millions of pages of documents were produced by the parties. Bickel & Brewer required temporary clerical assistance to index and file these documents. They contacted Celebrity Services, an agency which provides its employees on a temporary basis to others.

Celebrity Services sent several of its employees to Bickel & Brewer to be interviewed. One of those sent was Lesli Walzak. Walzak had been employed by McGrath, North in March 1987. She began work as a clerical employee while attending law school. She then became a law clerk. After her graduation from law school and admission to the bar in 1989, McGrath, North employed Walzak as an attorney until September 1990.

McGrath, North submitted timesheets, redacted except for the date, time, and attorney's initials, which showed that Walzak spent roughly 40 hours on the case. McGrath, North also submitted redacted memoranda written by Walzak on the case.

A Bickel & Brewer attorney, S.A. Khoshbin, interviewed Walzak. Another Bickel & Brewer employee was also present. Khoshbin began the interview by asking Walzak if she was aware of the case between Creighton and AMI and AMISUB. She said she was not. Khoshbin then asked Walzak if she had any connections, contact, or involvement with Creighton, AMI, or AMISUB. She replied that she did not. Although the resume Walzak provided to Khoshbin reflected employment at McGrath, North, it showed that she had been employed as an office manager, a legal secretary/law librarian, a paralegal, and as "administrative support." When questioned concerning her employment at McGrath, North, Walzak stated that she had had no contact with any matter concerning Creighton, AMI, or AMISUB. She stated that she did not perform law-related work or work on cases with lawyers. She said she did only administrative and clerical work. Bickel & Brewer hired Walzak without the knowledge or consent of McGrath, North or Creighton. No inquiries were made to McGrath, North to verify Walzak's statements.

On March 5, 1993, during the course of her employment at Bickel & Brewer, Walzak was in a McGrath, North conference room reviewing documents obtained from Creighton for purposes of discovery. While there, she was recognized by an attorney with McGrath, North, who asked her to leave. She complied. Bickel & Brewer terminated their relationship with Walzak immediately after being informed of Walzak's true history with McGrath, North.

Discovery between the parties proceeded throughout the rest of the month. However, on March 31, 1993, Creighton filed a motion to disqualify Bickel & Brewer. After an evidentiary hearing on May 12, 19, and 20, Judge Hickman overruled the motion.

## ASSIGNMENT OF ERROR

Creighton submits that Judge Hickman erred in failing to

grant Creighton's motion to disqualify or revoke admission pro hac vice of Bickel & Brewer.

## ANALYSIS

Mandamus is a law action. It is defined as an extraordinary remedy, not a writ of right, issued to compel the performance of a purely ministerial act or duty, imposed by law upon an inferior tribunal, corporation, board, or person, where (1) the relator has a clear legal right to the relief sought, (2) there is a corresponding clear duty existing on the part of the respondent to perform the act in question, and (3) there is no other plain and adequate remedy available in the ordinary course of the law. *State ex rel. FirsTier Bank v. Buckley*, 244 Neb. 36, 503 N.W.2d 838 (1993).

To warrant the issuance of a peremptory writ of mandamus to compel the performance of a legal duty to act, (1) the duty must be imposed by law, (2) the duty must still exist at the time the writ is applied for, and (3) the duty must be clear. Mandamus lies only to enforce performance of a mandatory ministerial act or duty and is not available to control judicial discretion. The general rule is that an act is ministerial if there is an absolute duty to perform in a specified manner upon the existence of certain facts. *Id*. See, also, *State ex rel. Freezer Servs., Inc. v. Mullen*, 235 Neb. 981, 458 N.W.2d 245 (1990).

A court deciding a motion to disqualify counsel must balance several competing considerations, including the privacy of the attorney-client relationship, the prerogative of a party to choose counsel, and the hardships that disqualification imposes on parties and the entire judicial process. *State ex rel. FirsTier Bank v. Buckley, supra*.

Creighton likens this case to *State ex rel. Freezer Servs., Inc. v. Mullen*, 235 Neb. at 993, 458 N.W.2d at 253, in which we held:

> [W]hen an attorney who was intimately involved with the particular litigation, and who has obtained confidential information pertinent to that litigation, terminates the relationship and becomes associated with a firm which is representing an adverse party in the same litigation, there arises an irrebuttable presumption of shared confidences,

and the entire firm must be disqualified from further representation.

Judge Hickman, however, determined that *State ex rel. Freezer Servs., Inc.* was inapplicable. In denying Creighton's motion to disqualify Bickel & Brewer, Judge Hickman ruled that even if *State ex rel. Freezer Servs., Inc.* was applicable, Creighton failed to show that Walzak was "intimately involved" with the particular litigation.

Since *State ex rel. Freezer Servs., Inc.*, however, we have narrowed the scope of the controlling disqualification rule. We have held that intimate involvement with the litigation is no longer necessary. *State ex rel. FirsTier Bank v. Buckley, supra.* An attorney must avoid the present representation of a cause against a client of a law firm with which he or she was formerly associated, and which cause involves a subject matter which is the same as or substantially related to that handled by the former firm while the present attorney was associated with that firm. *Id.* In *State ex rel. FirsTier Bank*, six attorneys moved from one firm to a second firm which opposed a client of the first firm in litigation. The transplanted attorneys all testified by affidavit that while at the first firm they performed no legal work for the client, they never discussed the client's cases or received information about the cases from any person associated with the first firm, and they had not seen any of the files. Despite this apparent lack of knowledge, we disqualified the second firm from representing, in the same or a substantially related matter, those parties opposing the first firm's client.

Although Walzak was not an attorney at the time she was employed by Bickel & Brewer, and although she may have performed only clerical tasks for Bickel & Brewer, the "bright line" rule announced in *State ex rel. FirsTier Bank* is applicable and requires disqualifying Bickel & Brewer from representing AMI and AMISUB in the underlying action.

We are not unmindful of the hardship this places upon AMI and AMISUB in the underlying action. However, this hardship is outweighed by the necessity of maintaining the confidentiality of Creighton's communications with McGrath, North and of avoiding the appearance of impropriety. See,

Canon 9 of the Code of Professional Responsibility; Neb Rev. Stat. § 7-105 (Reissue 1991). That Walzak is no longer an attorney and did not function as an attorney at Bickel & Brewer is of no consequence. As has been our policy with regard to lawyers switching sides, we refuse to entertain the notion that exchanges of confidences were not made by this nonlawyer. See, *State ex rel. FirsTier Bank v. Buckley, supra*; *State ex rel. Freezer Servs., Inc. v. Mullen, supra*. Regardless of whether the Code of Professional Responsibility applies to Walzak, it applies to Bickel & Brewer. Canon 9 requires an attorney to avoid even the appearance of impropriety. Employing, in any capacity, one who was an attorney on the other side of a case carries with it the appearance of impropriety.

Although we commend Bickel & Brewer for dismissing Walzak upon discovering that she had lied during her interview, such action cannot remove the taint which resulted from the firm's relationship with her.

## CONCLUSION

In light of the resultant appearance of impropriety, we find that the respondent had no alternative but to disqualify Bickel & Brewer. Since this duty was imposed by law, existed at the time applied for, and was clear, the requested writ must issue. Therefore, we direct that a peremptory writ of mandamus issue, directing the presiding judge in the district court for Douglas County to disqualify Bickel & Brewer from further representation of AMI and AMISUB in the underlying action, Creighton University v. American Medical International, Inc. and AMISUB (St. Joseph Hospital), Inc., Douglas County District Court, docket 886, page 631.

PEREMPTORY WRIT ISSUED.

WHITE and CAPORALE, JJ., not participating.