STATE OF NEBRASKA EX REL. FIRSTIER BANK, N.A., OMAHA, RELATOR, V. HONORABLE J. PATRICK MULLEN, JUDGE OF THE DISTRICT COURT FOR DOUGLAS COUNTY, NEBRASKA, RESPONDENT.

534 N.W.2d 575

Filed July 14, 1995.   No. S-95-130.

Richard L. Anderson and Robert S. Lannin, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, P.C., and Louis A. Huber III and Daniel R. Young, of Smith, Gill, Fisher & Butts, P.C., for relator.

Patrick H. Barth, of Law Offices of Patrick H. Barth, and J. Michael Coffey for amici curiae Samuel C. Carroll et al.

David S. Houghton and T. Geoffrey Lieben, of Lieben, Dahlk, Whitted, Houghton, Slowiaczek & Jahn, P.C., for amicus curiae Lieben Dahlk.

CAPORALE, FAHRNBRUCH, WRIGHT, and CONNOLLY, JJ., and WITTHOFF, D.J., and BOSLAUGH, J., Retired, and RONIN, D.J., Retired.

PER CURIAM.

In its petition for a peremptory writ of mandamus, the relator, FirsTier Bank, N.A. (FirsTier), asks this court to require a district court judge to compel disclosure of a fee agreement between the law firm of Lieben, Dahlk, Whitted, Houghton and Jahn, P.C. (Lieben Dahlk), and its successor counsel, Patrick H. Barth and J. Michael Coffey.

FirsTier claims the district judge's refusal to require disclosure of the fee agreement is inconsistent with this court's previous writ of mandamus which ordered the disqualification of Lieben Dahlk from further representation of plaintiffs in their lawsuits against FirsTier.

For the reasons hereinafter stated, we hold that District Judge J. Patrick Mullen should be and hereby is ordered to require full discovery of the fee agreement involved.

## ASSIGNMENT OF ERROR

FirsTier claims that Judge Mullen erred in denying its motion to compel discovery of the fee agreement between Lieben Dahlk and its successor counsel because the existence of a fee agreement continues and aggravates the appearance of impropriety found to exist in *State ex rel. FirsTier Bank v. Buckley*, 244 Neb. 36, 503 N.W.2d 838 (1993).

## STANDARD OF REVIEW

To warrant the issuance of a peremptory writ of mandamus to compel the performance of a legal duty to act, (1) the duty must be imposed by law, (2) the duty must still exist at the time the writ is applied for, and (3) the duty must be clear. Mandamus lies only to enforce performance of a mandatory ministerial act or duty and is not available to control judicial discretion. *State ex rel. Creighton Univ. v. Hickman*, 245 Neb. 247, 512 N.W.2d 374 (1994); *State ex rel. FirsTier Bank v. Buckley, supra*. A seemingly discretionary decision to act may,

in fact, be purely ministerial. *State ex rel. Creighton Univ. v. Hickman, supra.* The general rule is that an act or duty is ministerial if there is an absolute duty to perform in a specified manner upon the existence of certain facts. *State ex rel. Wieland v. Beermann,* 246 Neb. 808, 523 N.W.2d 518 (1994).

In a mandamus action, the relator has the burden of proof and must show clearly and conclusively that it is entitled to the particular thing the relator asks and that the respondent is legally obligated to act. See *State ex rel. Scherer v. Madison Cty. Comrs.,* 247 Neb. 384, 527 N.W.2d 615 (1995).

## FACTS

This action impacts three cases pending in the district court for Douglas County. FirsTier is one of the defendants in each of the cases. Those cases are designated in the district court as Carroll and Nellson v. FirsTier Financial, Inc., and FirsTier Bank, N.A., Omaha; Trachtenbarg et al. v. FirsTier Financial, Inc., and FirsTier Bank, N.A., Omaha; and Howard et al. v. FirsTier Financial, Inc., and FirsTier Bank, N.A., Omaha (the underlying cases). All of the underlying cases were filed in the district court for Douglas County in April 1992. Lieben Dahlk represented the plaintiffs in each of the underlying cases.

The plaintiffs in the underlying cases allege that Omaha National Bank, the predecessor of FirsTier, was executor or testamentary trustee of estates in which the plaintiffs claim an interest. Those plaintiffs assert that in regard to the estates in which they claim an interest, FirsTier's predecessor breached its fiduciary duty and fraudulently engaged in self-dealing in January 1971. At that time, Omaha National Bank was represented by the law firm of Fitzgerald, Brown, Leahy, McGill & Strom (Fitzgerald Brown). In 1971, Fitzgerald Brown hired attorney T. Geoffrey Lieben. Lieben and several other attorneys left Fitzgerald Brown on August 31, 1988, to form the Lieben Dahlk firm.

In a previous original action, FirsTier sought writs of mandamus compelling the judges in the underlying cases to enter orders disqualifying Lieben Dahlk from representing the plaintiffs. We issued a peremptory writ of mandamus, directing the district court to disqualify the firm of Lieben Dahlk from

further representation of the plaintiffs in the underlying cases. *State ex rel. FirsTier Bank v. Buckley, supra* (which opinion was published August 13, 1993). In so doing, we held that an attorney must avoid the present representation of a cause against a client of a law firm with which he or she was formerly associated, and which cause involves a subject matter which is the same as or substantially related to that handled by the former firm while the present attorney was associated with that firm.

Upon the withdrawal of Lieben Dahlk as counsel for the plaintiffs in the underlying cases, Coffey of the Nebraska bar and Barth of the New York bar entered appearances as successor counsel. Neither Coffey nor Barth met with the plaintiffs prior to accepting their cases.

Although our opinion disqualifying Lieben Dahlk was published on August 13, 1993, and advised the world of the disqualification, Coffey claims he was first personally advised of Lieben Dahlk's disqualification on approximately December 15. He consulted with Lieben Dahlk on or about December 18, regarding the underlying cases.

Earlier, in late October 1993, Lieben advised Barth of Lieben Dahlk's disqualification in the underlying cases. On October 31 or November 7, Barth consulted with Lieben Dahlk attorneys about the underlying cases. On December 2 and 3, Barth reviewed Lieben Dahlk's work product regarding those cases. By June 22, 1994, Barth had corresponded with Lieben Dahlk on 14 occasions regarding the underlying cases.

FirsTier filed a motion to prohibit dissemination of Lieben Dahlk's files in the underlying cases to successor counsel. As part of the proceedings on that motion, FirsTier served depositions upon written questions to Lieben Dahlk and successor counsel in which FirsTier asked whether a fee arrangement existed between Lieben Dahlk and successor counsel. Lieben Dahlk refused to answer the question regarding a fee arrangement. In Barth's separate answer, he acknowledged that a written fee arrangement existed with Lieben Dahlk, but refused to disclose the content. FirsTier then filed a motion to compel discovery and to disclose the existence of any fee arrangement between Lieben Dahlk and successor counsel. In

proceedings before an appointed special master, Coffey acknowledged that the fee arrangement in question includes Lieben Dahlk on a quantum meruit theory.

On December 28, 1994, the trial court granted, in part, the motion to prohibit dissemination of Lieben Dahlk's files, but overruled the motion to compel discovery of a fee agreement. The trial court found that a fee agreement between Lieben Dahlk and successor counsel would not in and of itself violate the writ of mandamus issued and ordered by this court. On February 6, 1995, FirsTier applied for leave to file this original action in this court.

## ANALYSIS

Approximately 2 years prior to the filing of the underlying cases in the district court, this court announced that confidences and secrets possessed by an attorney are presumptively possessed by other members of the attorney's firm. *State ex rel. Freezer Servs., Inc. v. Mullen*, 235 Neb. 981, 458 N.W.2d 245 (1990). We further held that an attorney, after receiving the confidence of a client, may not enter the service of others whose interests are adverse to such client's interest in the same subject matter to which the confidence relates, or in matters so closely allied thereto as to be, in effect, a part thereof. *Id.*

Clearly, Lieben Dahlk had notice nearly 2 years prior to representing the plaintiffs that confidences and secrets of FirsTier possessed by Fitzgerald Brown were imputed to attorney Lieben. Lieben Dahlk knew or should have known that it could not represent those whose interests were adverse to FirsTier in the same subject matter to which FirsTier's confidences and secrets related.

The rules set forth in *State ex rel. Freezer Servs., Inc. v. Mullen, supra*, were the foundation of our holding in *State ex rel. FirsTier Bank v. Buckley*, 244 Neb. 36, 503 N.W.2d 838 (1993), to disqualify Lieben Dahlk from the litigation then before us. Although we expanded these rules in *State ex rel. FirsTier Bank v. Buckley*, we also stated that the judge's duty to disqualify Lieben Dahlk existed in November 1992, when FirsTier applied for a writ of mandamus seeking the disqualification.

As a result, the argument made by successor counsel, Coffey and Barth, that Lieben Dahlk did not have notice, prior to disqualification, of the ethical transgressions inherent in representing the plaintiffs in the underlying cases lacks merit. At all times relevant, Lieben Dahlk had notice and knew or should have known that it could not represent the plaintiffs in the specific action against FirsTier. Because Coffey was also a member of the Nebraska bar, he is charged with knowledge of our opinion, *State ex rel. FirsTier Bank v. Buckley, supra*, issued August 13, 1993, in which we disqualified Lieben Dahlk.

That being stated, successor counsel's argument that Lieben Dahlk is entitled to quantum meruit fees in representing the plaintiffs also lacks merit. We do not accept the contention that an attorney can receive fees for representation which from the outset gives the appearance of impropriety and is violative of established rules of professional conduct. An attorney may not recover for services rendered if those services are rendered in contradiction to the requirements of professional responsibility and inconsistent with the character of the profession. See, *Eriks v. Denver*, 118 Wash. 2d 451, 824 P.2d 1207 (1992); *In re Estate of McCool*, 131 N.H. 340, 553 A.2d 761 (1988); *Moses v. McGarvey*, 614 P.2d 1363 (Alaska 1980).

It is undisputed that a fee arrangement in written form exists between Lieben Dahlk and successor counsel. Thus, we address whether the district court erred in overruling FirsTier's motion to compel discovery of that fee arrangement.

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. *Shahan v. Hilker*, 241 Neb. 482, 488 N.W.2d 577 (1992). See, also, Neb. Ct. R. of Discovery 26(b)(1) (rev. 1992). For purposes of ensuring a fundamentally fair trial, the question of whether a disqualified law firm is participating with successor counsel is highly relevant to a pending action.

As to issues of privilege, the fee arrangement in question does not concern attorney and client communication, but, rather, attorney and disqualified counsel communication.

In any event, absent special circumstances, fee arrangements

are not confidential professional communications protected by the attorney–client privilege. *Murray v. Stuckey's Inc.*, 153 F.R.D. 151 (N.D. Iowa 1993). We have previously held that courts have authority to monitor and determine the reasonableness of contingent fee contracts under the court's inherent power to regulate the bar. *Kirby v. Liska*, 214 Neb. 356, 334 N.W.2d 179 (1983). Furthermore, courts have traditional authority to supervise the charging of fees for professional services under the court's inherent power to regulate the practice of law.

FirsTier seeks to discover relevant and nonprivileged information. FirsTier has a right to inquire into and determine the extent of Lieben Dahlk's retained interest in the lawsuit. FirsTier's right to discovery is particularly strong here, where discovery is being resisted by the disqualified firm that by its inappropriate conduct created the issue the discovery is designed to resolve. *Gregori v. Bank of America*, 207 Cal. App. 3d 291, 254 Cal. Rptr. 853 (1989), is persuasive on the point.

FirsTier's motion to compel discovery is also relevant to inquire into the conduct of successor counsel. We have previously held that a law firm should be disqualified from representing its client when it hires as temporary clerical help a disbarred attorney who previously worked as an attorney on the same case for another firm which represents the opposing party, because such action has the appearance of impropriety. *State ex rel. Creighton Univ. v. Hickman*, 245 Neb. 247, 512 N.W.2d 374 (1994). The record reflects that after successor counsel learned of Lieben Dahlk's disqualification, successor counsel consulted with Lieben Dahlk and entered into a written fee arrangement with Lieben Dahlk. The record further reflects that successor counsel reviewed Lieben Dahlk's files containing the work product of the disqualified firm which may or may not have contained confidential material obtained while Lieben's former firm represented FirsTier. The mere possibility of transgression of ethical canons, without discovery, is not sufficient for the extreme remedy of disqualification. See *Silver v. Downs*, 493 Pa. 50, 425 A.2d 359 (1981). It does, however, provide sufficient concern to justify discovery into terms of written agreements between successor counsel and the

disqualified firm.

A lawyer should promote public confidence in the legal system and in the legal profession. Canon 9, EC 9-1, of the Code of Professional Responsibility. Lieben Dahlk gave the appearance of impropriety when it filed the underlying actions against FirsTier in 1992. The record seems to suggest that even after Lieben Dahlk was disqualified from representing the plaintiffs in the underlying litigation it continued to be involved by supplying its work product to successor counsel. As previously stated, Lieben Dahlk filed the underlying actions within 2 years of our opinion in *State ex rel. Freezer Servs., Inc. v. Mullen*, 235 Neb. 981, 458 N.W.2d 245 (1990).

In light of the facts surrounding FirsTier's discovery request, the respondent had a clear and absolute duty to allow the discovery requested by FirsTier. The respondent's duty existed at the time the writ was applied for and was imposed by our rules regarding discovery as well as our writ ordering the disqualification of Lieben Dahlk.

Generally, a discovery order can be reviewed on appeal from a final judgment. *Brozovsky v. Norquest*, 231 Neb. 731, 437 N.W.2d 798 (1989). However, when the remedy, though available, is inadequate, mandamus will lie. *State ex rel. Freezer Servs., Inc. v. Mullen, supra.* To wait for an appeal on this issue would mean that any divulgence of relevant confidences and secrets will have already occurred and that the trial would be tainted with the appearance of impropriety. Under these facts, an appellate court could not return the parties to the status quo ante, and as a result, the available remedy is inadequate. See *id.*

## CONCLUSION

Accordingly, we order that a peremptory writ of mandamus issue directing the respondent to vacate his order denying FirsTier's motion to compel discovery and to sustain FirsTier's motion to compel discovery of the written fee arrangement together with the terms and conditions contained therein between Lieben Dahlk and successor counsel, Coffey and Barth, in the underlying cases.

PEREMPTORY WRIT ISSUED.

WHITE, C.J., and LANPHIER, J., not participating.