779 N.W.2d 596 (2010)
279 Neb. 585
JACOB NORTH PRINTING CO., INC., appellant,
v.
Barry MOSLEY, appellee.
No. S-09-774.
Supreme Court of Nebraska.
March 19, 2010.
*598 Mark A. Fahleson and Brian S. Kruse, of Rembolt Ludtke, L.L.P., Lincoln, for appellant.
James C. Zalewski, Lincoln and Maria J. Thietje, of DeMars, Gordon, Olson & Zalewski, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

INTRODUCTION
Jacob North Printing Co., Inc. (Jacob North), filed an action against a former employee, Barry Mosley, alleging that Mosley converted and misappropriated trade secrets and customer information belonging to Jacob North. Mosley filed a motion to disqualify Jacob North's counsel. That motion was granted. Jacob North appeals. We reverse, and remand to the district court for further proceedings.

FACTUAL BACKGROUND
Jacob North provides printing and printing-related services to clients throughout the United States. Mosley was hired by Jacob North on about May 12, 2003. Mosley had previously been employed by Omaha Printing Company.
*599 In January 2004, Mosley was sued by Omaha Printing Company for violation of a covenant not to compete. Jacob North retained attorney Mark Fahleson and his law firm to represent Mosley in that action. At that time, Fahleson and his firm represented Jacob North in a variety of other legal matters. The litigation was eventually settled in March 2006.
Mosley's employment with Jacob North ceased on about March 12, 2009. Mosley was subsequently employed by McCormick-Armstrong, Inc., a competitor to Jacob North, located in Wichita, Kansas. On March 27, Jacob North filed suit against Mosley alleging a breach of the duty of loyalty, misappropriation of trade secrets, conversion, and a violation of Nebraska's Consumer Protection Act. Fahleson filed the complaint on Jacob North's behalf.
Due to the 2004 representation, on April 6, 2009, Mosley filed a motion to disqualify Fahleson. The district court granted Mosley's motion, reasoning that the "close similarities between the two cases, the short period of time between the Douglas County case and the present litigation, and the necessity of avoiding the appearance of impropriety" supported disqualification. Jacob North appeals.

ASSIGNMENT OF ERROR
Jacob North assigns that the district court erred in granting the motion to disqualify its counsel.

STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[1]
In an appeal from an order disqualifying counsel, an appellate court reviews the trial court's factual findings for clear error and ultimately makes its disqualification decision independent of the trial court's ruling.[2]

ANALYSIS

District Court's Order Is Final.
As an initial matter, Mosley contends that the district court's order granting his motion for disqualification is not a final order.
Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case.[3] We have previously held that an order disqualifying counsel in a civil matter is not a final order.[4] We have, however, allowed interlocutory review of such orders disqualifying counsel if the order of disqualification involves issues collateral to the basic controversy and if an appeal from a judgment dispositive of the entire case would not be likely to protect the client's interests.[5] This concept is referred to as the "collateral order doctrine."[6] We have explained that in the context of an attorney disqualification case, the issue "collateral to the underlying action" is whether counsel should be disqualified *600 on the basis of the prior representation of an adverse party.[7]
This case involves such a collateral issue, namely, whether Fahleson should be disqualified from representing Jacob North because of Fahleson's prior representation of Mosley. We therefore have jurisdiction over this appeal under the collateral order doctrine.

District Court Erred in Disqualifying Fahleson.
Having concluded that we have jurisdiction, we must next determine whether the district court erred in granting Mosley's motion to disqualify Fahleson. The burden of showing that counsel should be disqualified is on the party seeking disqualification,[8] in this case, Mosley.
Neb. R. of Prof. Cond. § 3-501.9(a) provides that
[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
The parties do not dispute that Fahleson formerly represented Mosley. Nor is this litigation the same litigation at issue in the prior representation. The issue on appeal in this case instead is whether the prior representation was "substantially related" to the current matter.
Comment 3 to § 3-501.9 provides in part:
Matters are "substantially related" for purposes of this Rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter.
This court noted in State ex rel. Wal-Mart v. Kortum[9] that
[i]n fashioning a "substantially related subject matter" test, a court must balance several competing considerations, including the privacy of the attorney-client relationship, the prerogative of a party to choose counsel, and the hardships that disqualification imposes on parties and the entire judicial process.. . . However, the preservation of client confidences is given greater weight in that balancing. . . .
Mindful of these competing interests, we determine that the subject matters of two causes are "substantially related" if the similarity of the factual and legal issues creates a genuine threat that the affected attorney may have received confidential information in the first cause that could be used against the former client in the present cause.
Simply stated, if the court determines that the unique factual and legal issues presented in both cases are so similar that there exists a genuine threat that confidential information may have been revealed in the previous case that could be used against the former client in the instant case, then disqualification must ensue.
As an initial matter, we note that in reaching its decision, the district *601 court specifically stated in part that the "necessity of avoiding the appearance of impropriety" compelled the decision to disqualify Fahleson. But in fact, this court, on several occasions, has specifically held that this is not a consideration in a disqualification analysis. "Clearly, the `appearance of impropriety' ... do[es] not address whether two causes are `substantially related' and, thus, [is] not [a] factor[ ] that may be considered in determining whether or not to disqualify an attorney or firm."[10] We therefore conclude that the district court erred insofar as it considered the appearance of impropriety in its decision to grant the motion to disqualify. Because we review the district court's factual findings for clear error but its conclusion of law de novo, and because we do not consider the appearance of impropriety in our analysis, we conclude the district court's error was harmless.
We now turn to Jacob North's argument on appeal. Jacob North argues that disqualification is unnecessary because the two matters at issue are not substantially related.
[T]he legal theories and liability issues are completely different in the two cases. The Douglas County Action was a breach of contract case involving Mosley and Omaha Printing Company, and based on a written non-compete agreement. There is no contract or non-compete agreement at issue in this case. Jacob North alleges Mosley wrongfully converted company property and misappropriated trade secrets and customer information. The scientific issues and evidence [are] different in that the Douglas County Case did not involve transmission of trade secrets via e-mail. The witnesses are different, with the exception of Mosley himself. The prior action involved a suit by a completely different company.[11]
Mosley contends differently, noting that the most obvious concerns are Fahleson's intimate relationship with both cases, the very likely potential for conflict, and the likelihood of prejudice to Mosley....
....
In the case at bar, the allegations in Jacob North's Complaint and Praecipe are based on, generally, the allegation that Mosley converted client lists. Although Jacob North asserts that the cases are not similar due to the Omaha litigation being based on a "non-compete agreement", as opposed to trade secrets and customer information, ... it is clear that both cases are premised on the allegations of unfair competition.[12]
We agree with Jacob North and conclude that these two matters are not substantially related. In Kortum,[13] we listed considerations in making a determination about whether a prior matter was substantially related to a later one: whether the liability issues presented are similar; whether any scientific issues presented are similar; whether the nature of the evidence is similar; whether the lawyer had interviewed a witness who was a key in both causes; the lawyer's knowledge of the former client's trial strategies, negotiation strategies, legal theories, business practices, and trade secrets; the lapse of time between causes; the duration and intimacy of the lawyer's relationship with the clients; the functions being performed *602 by the lawyer; the likelihood that actual conflict will arise; and the likely prejudice to the client if conflict does arise.
We have examined the record and analyzed it in conjunction with the factors set forth in Kortum, and we conclude that the record does not establish a substantial relationship sufficient to require Fahleson's disqualification. While both cases do involve unfair competition, the prior case dealt with Mosley's alleged breach of a noncompete agreement, while the current case contends that Mosley engaged in the conversion of Jacob North's client lists. Such a similarity is insufficient to show a substantial relationship. We further conclude that the two cases do not present the same liability or scientific issues. Nor do these two matters involve the same type of evidence. The only witness in common would appear to be Mosley himself.
In addition to the above, Mosley has presented no evidence whatsoever that Fahleson now has, or ever had, any knowledge regarding Mosley's trial and negotiation strategies, legal theories, business practices, or trade secrets, nor has Mosley presented any evidence that Fahleson has any knowledge about the client lists at issue in this litigation. And to the extent that Mosley might have met his burden simply by his largely conclusory statements that the matters were related, we find that Fahleson adequately rebutted those allegations when, in an affidavit, he expressly denied that he was "aware of any trade secrets, trial strategies, negotiation strategies, legal theories or business practices of [Mosley]."
We also note that the length of time between the end of Fahleson's representation of Mosley and the commencement of the litigation in this case was 3 years2 years in excess of the 1 year separating representations in Kortum. According to Fahleson's affidavit, during those 3 years, neither Fahleson nor his firm represented Mosley in any other action or capacity. And prior to the earlier litigation, Mosley was informed as to the ongoing nature of Fahleson's relationship with Jacob North and therefore would have been aware that even as Fahleson was representing Mosley, he was continuing to represent Jacob North. Such would militate against a finding of an intimate relationship between Mosley and Fahleson.
We agree with Jacob North that the district court erred in disqualifying Fahleson as counsel and therefore reverse the order of the district court and remand this cause to the district court for further proceedings.

CONCLUSION
The district court erred in disqualifying Fahleson because its current representation of Jacob North against Mosley was not substantially related to Fahleson's earlier representation of Mosley against Omaha Printing Company. The decision of the district court is reversed, and this cause is remanded to the district court for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Hallie Mgmt. Co. v. Perry, 272 Neb. 81, 718 N.W.2d 531 (2006).
[2] Beller v. Crow, 274 Neb. 603, 742 N.W.2d 230 (2007).
[3] See Hallie Mgmt. Co. v. Perry, supra note 1.
[4] See Richardson v. Griffiths, 251 Neb. 825, 560 N.W.2d 430 (1997).
[5] See id.
[6] See id.
[7] Pennfield Oil Co. v. Winstrom, 267 Neb. 288, 673 N.W.2d 558 (2004).
[8] See Beller v. Crow, supra note 2. See, also, Neb. Ct. R. of Prof. Cond. § 3-501.9, comment 3.
[9] State ex rel. Wal-Mart v. Kortum, 251 Neb. 805, 811, 559 N.W.2d 496, 501 (1997) (citations omitted).
[10] Id. at 812, 559 N.W.2d at 501. See, also, Richardson v. Griffiths, supra note 4.
[11] Brief for appellant at 8.
[12] Brief for appellee at 7-8.
[13] State ex rel. Wal-Mart v. Kortum, supra note 9.