RITCHIE C. RICHARDSON AND TERRI J. RICHARDSON,
HUSBAND AND WIFE, APPELLEES, V. RANDY L. GRIFFITHS AND
LINDA C. GRIFFITHS, HUSBAND AND WIFE, APPELLANTS.

560 N.W.2d 430

Filed February 28, 1997.   No. S-95-092.

Patrick J. Nelson and Daniel L. Lindstrom, of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C., for appellants.

Larry E. Butler, of Butler, Voigt & Brewster, P.C., for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and FLOWERS, D.J., and BOSLAUGH, J., Retired.

CONNOLLY, J.

We are asked to determine whether the law firm of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C. (Jacobsen, Orr), should be disqualified from representing the appellants, Randy L. Griffiths and Linda C. Griffiths, in an action brought by the appellees, Ritchie C. Richardson and Terri J. Richardson, because of a prior contact between Terri Richardson and Jeffrey H. Jacobsen, an attorney with Jacobsen, Orr.

We conclude that the prior contact between Terri Richardson and Jacobsen created an attorney-client relationship that involved the same subject matter as that presently handled by Jacobsen, Orr in representing the Griffithses. As a result, we affirm the Buffalo County District Court's decision to disqualify Jacobsen, Orr from representing the Griffithses in this action.

## I. BACKGROUND

On October 17, 1994, the Richardsons initiated a civil action in the district court to rescind a purchase agreement with the Griffithses, asserting that the Griffithses breached an implied warranty concerning the construction of the Richardsons' home. In their petition, the Richardsons pray for $210,090.05, representing the original purchase price and the costs of additions, improvements, and damages resulting from water leakage into the basement of their home.

On November 30, 1994, the Richardsons filed a motion to disqualify Jacobsen, Orr from representing the Griffithses in this action. The motion alleged that Terri Richardson revealed

confidential information to, and received legal advice from, Jacobsen concerning the subject matter of the action.

At the hearing on the motion to disqualify, Terri Richardson testified that sometime around January 19, 1993, she called Jacobsen at his home and discussed problems concerning the construction of the Richardsons' home; that she called Jacobsen upon the recommendation of acquaintances Roxanne Randall and Randy Jensen; that her conversation with Jacobsen lasted approximately 45 minutes; that she contacted Jacobsen as an attorney and considered the conversation to be confidential; that she requested that Jacobsen send her a bill for his time, but Jacobsen declined payment; and that she followed Jacobsen's advice.

Terri Richardson further testified that Jacobsen told her that the builder was responsible for the leakage problems with her house; that Jacobsen briefly explained to her the law of implied warranties; that he advised her that she should maintain a record setting forth the dates and nature of the problems which were occurring; that he stated that he knew Randy Griffiths and that she should continue to try to work with him to correct the problem; and that Jacobsen informed her that if the matter could not be resolved, she should call his office and make an appointment to meet with him.

On cross-examination, Terri Richardson stated that in addition to Jacobsen, she had also contacted two other attorneys prior to contacting and retaining Larry E. Butler as her attorney in the instant matter. Jacobsen testified that he had no independent recollection of the alleged conversation with Terri Richardson. Records of Jacobsen, Orr reveal that no file was ever opened concerning the matter of the alleged conversation, nor was a bill ever sent to the Richardsons. Roxanne Randall testified that she recommended Jacobsen to the Richardsons and that she had an additional conversation with Terri Richardson during which Terri Richardson stated that she had visited with Jacobsen about the problems with her home.

The record reflects that the instant suit was filed approximately 21 months after Terri Richardson's alleged conversation with Jacobsen. Thereafter, the Griffithses retained Patrick J. Nelson of Jacobsen, Orr to represent them in this matter. In its

order, the district court granted the Richardsons' motion to disqualify Jacobsen, Orr. The court reasoned:

> Although the evidence establishes Mr. Jacobsen has no recollection of any conversation with the plaintiff Terri Richardson, and it is therefore doubtful that any advantage could be gained by the defendants herein, nevertheless the court must find from the totality of the evidence that the conversation testified to by Ms. Richardson did in fact take place. . . .
>
> Although contacted at home and receiving no fee, it appears . . . that Mr. Jacobsen was in fact employed by . . . Terri Richardson in that she sought legal advice and assistance from Mr. Jacobsen and such advice was offered to her.
>
> It is obvious that Mr. Jacobsen's involvement in this matter was fully peripheral and would not appear to be substantial. However, the Nebraska Supreme Court has formulated what it considers to be a "bright line" rule in similar matters. [Citation omitted.] In formulating that rule the Nebraska Supreme Court was well aware of other rules utilized in other jurisdictions which proposed a balancing test weighing several competing considerations, including the privacy of the attorney/client relationship, the prerogative of a party to choose counsel, and the hardship that disqualification imposes on parties and the entire judicial process. It appears, however, that the Nebraska Supreme Court opted not to follow the balancing rational[e] of other jurisdictions. Our court specifically cited as an additional critical consideration the perception that the public has of the legal profession generally, and the necessity to preserve "not only the actual existence, but also the appearance, of propriety, and to eliminate as nearly as possible unnecessary and unwarranted criticism of the legal profession."

As of the time the Griffithses perfected this appeal, the underlying action had not proceeded to trial.

## II. ASSIGNMENT OF ERROR

The Griffithses allege that the district court erred in disqualifying Jacobsen, Orr.

## III. STANDARD OF REVIEW

In an appeal from an order disqualifying counsel, an appellate court reviews the trial court's factual findings for clear error and ultimately makes its disqualification decision independent of the trial court's ruling.

## IV. ANALYSIS

### 1. JURISDICTION

The first issue that we must determine is whether this court has jurisdiction to adjudicate the instant appeal. In order for this court to possess jurisdiction, the district court's order disqualifying Jacobsen, Orr must be a final order or appealable under an exception to the final order requirement.

### (a) Final Order

Generally, for an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. Conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996); *Village of Orleans v. Dietz*, 248 Neb. 806, 539 N.W.2d 440 (1995).

There are three types of final orders which may be reviewed on appeal. Neb. Rev. Stat. §§ 25-1902 and 25-1911 (Reissue 1995). The three types are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made upon summary application in an action after a judgment is rendered. *Currie v. Chief School Bus Serv., supra*; *Rohde v. Farmers Alliance Mut. Ins. Co.*, 244 Neb. 863, 509 N.W.2d 618 (1994).

All three types of final orders share the requirement that a substantial right be affected. Thus, we must determine whether the granting of a motion to disqualify private counsel in a civil case affects a substantial right. A substantial right is an essential legal right, not a mere technical right. *Currie v. Chief School Bus Serv., supra*; *Rohde v. Farmers Alliance Mut. Ins. Co., supra*. A substantial right is affected if the order affects the sub-

ject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing. *Currie v. Chief School Bus Serv., supra; Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993).

In the instant case, the district court's order affects the peripheral matter of whether Jacobsen, Orr should be disqualified from representing the Griffithses, rather than affecting the subject matter of the litigation. Regardless of who is counsel of record for the Griffithses, the same claims and defenses persist on the underlying action. As a result, we conclude that the district court's order does not affect a substantial right of the Griffithses and thus, does not meet any of the definitions of a final order.

(b) Exception to Final Order Requirement

Generally, in the absence of a final order from which an appeal may be taken, the appeal must be dismissed for lack of jurisdiction. *Currie v. Chief School Bus Serv., supra; In re Adoption of Krystal P. & Kile P.*, 248 Neb. 907, 540 N.W.2d 312 (1995). However, we must determine whether any exceptions to the final order requirement apply that vest this court with jurisdiction to entertain the appeal.

In *CenTra, Inc. v. Chandler Ins. Co.*, 248 Neb. 844, 540 N.W.2d 318 (1995), this court held that when an appeal from an order denying disqualification of counsel involves issues collateral to the basic controversy, and when an appeal from a judgment dispositive of the entire case would not be likely to protect the client's interests, the party should seek mandamus or other interlocutory review. (Citing *Maddocks v. Ricker; Casson*, 403 Mass. 592, 531 N.E.2d 583 (1988).) However, the instant case involves the granting, not the denial, of a motion to disqualify counsel. The general rule is that mandamus is not a preventive remedy but essentially a coercive writ, one that commands performance of a duty and not desistance therefrom. *State ex rel. Bates v. Morgan*, 154 Neb. 234, 47 N.W.2d 512 (1951). See, also, 52 Am. Jur. 2d *Mandamus* § 9 (1970). As such, the Griffithses could not bring an original action for a peremptory

writ of mandamus to compel the district court to vacate its order of disqualification.

However, in *Maddocks v. Ricker; Casson, supra*, cited with approval in *CenTra, Inc. v. Chandler Ins. Co., supra*, the Massachusetts Supreme Judicial Court held that "if the appeal from an order of disqualification involves issues collateral to the basic controversy and if an appeal from a judgment dispositive of the entire case would not be likely to protect the client's interests, interlocutory review is appropriate." 403 Mass. at 600, 531 N.E.2d at 588. In order to provide both parties (movant and nonmovant) with an equal opportunity to seek interlocutory review of an attorney disqualification decision, we adopt the rule articulated in *Maddocks* as an exception to the final order requirement.

We determine that the instant appeal from the district court's order of disqualification involves issues collateral to the underlying action to rescind the purchase agreement. Delaying the appeal until a dispositive judgment on the underlying controversy has been rendered would not likely protect the Griffithses' interests in the counsel of their own choosing and in the time and expense associated with hiring new counsel. Thus, we conclude that this court possesses jurisdiction to adjudicate the instant appeal under the *Maddocks* exception to the final order requirement.

## 2. DISQUALIFICATION

The Griffithses allege that the district court erred in disqualifying Jacobsen, Orr. Notwithstanding what we stated in *CenTra, Inc. v. Chandler Ins. Co., supra*, in an appeal from an order disqualifying counsel, an appellate court reviews the trial court's factual findings for clear error and ultimately makes its disqualification decision independent of the trial court's ruling. In other words, upon giving deference to the trial court's factual findings, an appellate court independently determines whether an attorney-client relationship was created and if so, whether that representation involved the same, or a substantially related, subject matter as that involved in the challenged adverse representation.

### (a) Attorney-Client Relationship

An attorney-client relationship is created when a person seeks advice or assistance from an attorney, the advice or assistance sought pertains to matters within the attorney's professional competence, and the attorney expressly or impliedly agrees to give or actually gives the desired advice or assistance. *Patterson v. Swarr, May, Smith & Anderson*, 238 Neb. 911, 473 N.W.2d 94 (1991); *McVaney v. Baird, Holm, McEachen*, 237 Neb. 451, 466 N.W.2d 499 (1991).

In its order, the district court concluded that "[a]lthough contacted at home and receiving no fee, it appears . . . that Mr. Jacobsen was in fact employed by . . . Terri Richardson in that she sought legal advice and assistance from Mr. Jacobsen and such advice was offered to her." At the hearing on the motion to disqualify, Terri Richardson testified that she called Jacobsen, who told her that the builder was responsible for the leakage problems with her house; briefly explained to her about implied warranties; advised her that she should maintain a record setting forth the dates and nature of the problems which were occurring; stated that he knew Randy Griffiths and that she should continue to try to work with him to correct the problem; and informed her that if the matter could not be resolved, she should call his office and make an appointment to meet with him.

Thus, the trial court's factual findings, that Terri Richardson sought and received legal advice from Jacobsen, were not clearly erroneous. We conclude that an attorney-client relationship was created between Jacobsen and Terri Richardson.

### (b) Same Subject Matter

An attorney or law firm must avoid the present representation of a cause against a client that the attorney or law firm formerly represented, and which cause involves a subject matter which is the same as or substantially related to that formerly handled by the attorney or law firm. *State ex rel. Wal-Mart v. Kortum, ante* p. 805, 559 N.W.2d 496 (1997).

In its order, the district court, relying on our decision in *State ex rel. FirsTier Bank v. Buckley*, 244 Neb. 36, 503 N.W.2d 838 (1993), cites the appearance of impropriety as its reason for disqualifying Jacobsen, Orr. However, we have recently held that

in the context of substantially related matters, the appearance of impropriety is not a factor that may be considered in determining whether or not to disqualify an attorney or firm. *State ex rel. Wal-Mart v. Kortum, supra*. Neither is the appearance of impropriety a factor to be considered in analyzing whether the same subject matter is involved. Nonetheless, where the record demonstrates that the decision of the trial court is correct, although such correctness is based on a different ground from that assigned by the trial court, the appellate court will affirm. *Gustin v. Scheele,* 250 Neb. 269, 549 N.W.2d 135 (1996); *Whitten v. Whitten*, 250 Neb. 210, 548 N.W.2d 338 (1996). We determine that Jacobsen's attorney-client relationship with Terri Richardson involved the same subject matter as that presently handled by Jacobsen, Orr in representing the Griffithses.

### V. CONCLUSION

We conclude that an attorney-client relationship was created between Jacobsen and Terri Richardson and that the representation involved the same subject matter as that presently handled by Jacobsen, Orr in representing the Griffithses. Accordingly, we affirm the Buffalo County District Court's decision to disqualify Jacobsen, Orr from representing the Griffithses in this action.

AFFIRMED.