Lee Scott Trainum, appellee, v. Sutherland Associates, LLC, et al., appellants.

642 N.W.2d 816

Filed April 25, 2002.   No. S-01-575.

Richard A. DeWitt and Robert S. Lannin, of Croker, Huck, Kasher, DeWitt, Anderson & Gonderinger, P.C., and John M. Touhy, Andrew W. Morris, and Craig Isenberg, of Mayer, Brown & Platt, for appellants.

Terry R. Wittler, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.
## NATURE OF CASE
Sutherland Associates, LLC; Sutherland Ethanol Company, LLC; Robert L.B. "Bibb" Swain; Robert Swain; and Delta-T Corporation (collectively Sutherland) appeal from an order of the district court denying disqualification of Lee Scott Trainum's counsel. We conclude that this court does not have jurisdiction over Sutherland's appeal and therefore dismiss the appeal.

## BACKGROUND
From 1992 to 2000, Trainum was an employee and director of Delta-T, a Virginia corporation located in Williamsburg, Virginia. In 1998, several employees of Delta-T began taking steps toward purchasing an ethanol plant near Sutherland, Nebraska. Among these employees were Trainum, Bibb Swain, and Robert Swain. In 1999, Sutherland Associates, a Nebraska limited liability company, was formed for the purpose of purchasing the ethanol plant. Trainum, Bibb Swain, and Delta-T were the initial member managers of Sutherland Associates.

Since 1997, Sheila Marsh has served as part-time, in-house general legal counsel for Delta-T. During that time, Marsh participated in meetings with Trainum, Bibb Swain, and Robert Swain and gave legal advice regarding the creation of Sutherland Associates, the duties of Trainum and the Swains as both officers of Delta-T and member managers of Sutherland Associates, and tax-related issues. Marsh also drafted a proposed operating agreement for Sutherland Associates and negotiated loan agreements. During this time period, Trainum was not represented by separate counsel.

Marsh requested that the Richmond, Virginia, law firm of McCandlish Kaine serve as outside counsel to Delta-T on matters related to Sutherland Associates. At the time, Naila Townes Ahmed was a partner in McCandlish Kaine, and Ahmed provided a number of services to Delta-T at Marsh's request. Ahmed gave legal advice to Delta-T and Sutherland (which included Trainum at that time) regarding the membership interests in Sutherland Associates, the merger of Sutherland Associates into Sutherland Ethanol Company, and the dilution of member interests as a result of the merger. Ahmed also advised Marsh regarding communications Marsh had with the law firm of Williams, Mullen, Clark & Dobbins (Williams Mullen) over matters involved in the current lawsuit and also drafted a settlement agreement with Trainum regarding this lawsuit. Other attorneys at McCandlish Kaine provided similar services to Delta-T regarding matters at issue in this lawsuit.

On March 1, 2000, Trainum terminated his employment with Delta-T. Subsequent negotiations over Trainum's status as member manager of Sutherland Associates were conducted. On August 30, 2000, Trainum was informed by Bibb Swain that his membership interest in Sutherland Associates was being reduced from 22.5 percent to 1 percent and that Sutherland Associates would be merged into Sutherland Ethanol Company, a newly formed Nebraska limited liability company. Trainum was also notified that should the merger be approved, his interest in Sutherland Associates would be purchased for $1. Upon receipt of this information, Trainum retained Malcolm Ritsch, Jr., of Williams Mullen to represent him. Shortly thereafter, Trainum retained the

Lincoln, Nebraska, law firm of Cline, Williams, Wright, Johnson & Oldfather (Cline Williams).

On October 25, 2000, Trainum filed a petition against Sutherland alleging several limited liability company improprieties and asserting eight separate claims, including claims under Nebraska and Virginia securities laws and the Virginia Conspiracy Act. The petition was signed by Cline Williams, while Williams Mullen was listed as "Of Counsel."

On November 1, 2000, Marsh learned that Ahmed had announced her intention to leave McCandlish Kaine and join Williams Mullen. Ahmed began working for Williams Mullen on December 1, 2000, and Marsh verified this on December 6, 2000, in telephone calls to McCandlish Kaine and Williams Mullen.

Sutherland demurred to Trainum's petition on December 18, 2000, and the district court overruled the demurrer on February 7, 2001. Between those dates, the parties served on each other interrogatories and various motions to produce.

On February 14, 2001, Sutherland filed a motion to disqualify Willams Mullen and Cline Williams because Ahmed had provided legal services to Sutherland concerning this lawsuit and has since joined the law firm representing Trainum. In response to the motion to disqualify, Trainum offered the affidavits of Ritsch and Ahmed. Ritsch asserted that he had no knowledge that Ahmed had been involved in representing Sutherland and that no communication had taken place between himself and Ahmed regarding this lawsuit. Ritsch also averred that because he had not received any information from Ahmed regarding Sutherland, he had not provided any such information to any member of Cline Williams. Ahmed also asserted that she had had no communication with any Williams Mullen attorney regarding this lawsuit.

On February 20, 2001, Trainum filed a motion asking for leave to allow Williams Mullen to withdraw as counsel. The record does not reflect any action taken by the court on this motion. The district court, in an April 25 order addressing only Cline Williams, denied the motion to disqualify. Sutherland timely filed a notice of appeal from the district court's order, and we moved the case to our docket.

## ASSIGNMENTS OF ERROR

Sutherland makes five assignments of error, all claiming generally that the district court erred in denying its motion to disqualify Cline Williams.

## STANDARD OF REVIEW

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *In re Interest of Jaden H., ante* p. 129, 638 N.W.2d 867 (2002).

## ANALYSIS

■ Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Keef v. State,* 262 Neb. 622, 634 N.W.2d 751 (2001). Notwithstanding whether the parties raise the issue of jurisdiction, an appellate court has a duty to raise and determine the issue of jurisdiction sua sponte. *Id.*

In *State ex rel. Freezer Servs., Inc. v. Mullen,* 235 Neb. 981, 458 N.W.2d 245 (1990), Freezer Services brought an original action seeking a writ of mandamus compelling the disqualification of counsel. The order at issue was, as in this appeal, an order denying a motion to disqualify counsel. This court noted that Freezer Services first attempted a direct appeal from the district court's order denying disqualification. *Id.* That appeal was dismissed for lack of jurisdiction on appellee's motion for summary dismissal. *Freezer Services, Inc. v. Waller,* 233 Neb. xxxiv (case No. 89-1255, November 16, 1989). See Neb. Ct. R. of Prac. 7B(1) (rev. 2000).

In several subsequent decisions, we again reviewed a lower court's denial of a motion to disqualify counsel. See, e.g. *State ex rel. Wal-Mart v. Kortum,* 251 Neb. 805, 559 N.W.2d 496 (1997); *State ex rel. Creighton Univ. v. Hickman,* 245 Neb. 247, 512 N.W.2d 374 (1994); *State ex rel. FirsTier Bank v. Buckley,* 244 Neb. 36, 503 N.W.2d 838 (1993). As in *State ex rel. Freezer Servs., Inc. v. Mullen, supra,* these cases were reviewed by this court in an original action for mandamus.

■ *CenTra, Inc. v. Chandler Ins. Co.,* 248 Neb. 844, 540 N.W.2d 318 (1995), also involved review of a lower court's

alleged error in the denial of a motion to disqualify counsel. However, the issue was presented to this court by an appeal of the lower court's judgment on the merits and not by an original action for mandamus. We affirmed on the merits and did not review the district court's denial of the motion to disqualify, noting that "[a]n appellate action is an inadequate means of presenting attorney conflicts of interest for review." *Id.* at 853, 540 N.W.2d at 326 (citing *State ex rel. Freezer Servs., Inc. v. Mullen, supra*). We also noted that "mandamus is a viable means of addressing perceived attorney conflicts of interest." 248 Neb. at 854, 540 N.W.2d at 327.

■ Each of the cases cited above were decided prior to our decision in *Richardson v. Griffiths*, 251 Neb. 825, 560 N.W.2d 430 (1997), which presented a district court's order granting attorney disqualification. Although the order granting disqualification was not a final order, we held that jurisdiction existed under a newly adopted exception to the final order requirement: If an appeal from an order of disqualification involves issues collateral to the basic controversy and if an appeal from a judgment dispositive of the entire case would not be likely to protect the client's interests, interlocutory review is appropriate. *Richardson v. Griffiths, supra.*

As in *Richardson*, the denial of the motion to disqualify Cline Williams in this case is not a final order. The question now becomes whether the *Richardson* exception to the final order requirement applies to vest jurisdiction over Sutherland's appeal in this court. We conclude that it does not.

■ The exception adopted in *Richardson* was necessary because where the order sought to be reviewed is an order granting disqualification, mandamus is not an appropriate remedy. The general rule is that mandamus is not a preventive remedy but essentially a coercive writ, one that commands performance of a duty and not desistance therefrom. *Id.* Thus, the appellants in *Richardson* could not bring an original action for mandamus to compel the district court to vacate its order of disqualification. *Id.* However, to allow the district court's disqualification order to stand, without allowing an immediate avenue for appellate review, would have prejudiced the rights of the party whose counsel had been disqualified.

■ Although we stated in *Richardson* that we were adopting the exception to the final order requirement in part "to provide both parties (movant and nonmovant) with an equal opportunity to seek interlocutory review of an attorney disqualification decision," it is clear that the exception was necessary in that case only to provide interlocutory review of an order granting disqualification. *Id.* at 831, 560 N.W.2d at 435. *State ex rel. Freezer Servs., Inc. v. Mullen*, 235 Neb. 981, 458 N.W.2d 245 (1990), and our other cases involving district court orders denying motions to disqualify make clear that mandamus is the appropriate method of seeking interlocutory review.

Our decision today to preclude use of the *Richardson* exception to directly appeal orders denying disqualification is also compelled by practical concerns. The ability of a party to file a motion to disqualify, which is subsequently denied, and then seek appellate review of that ruling under the *Richardson* exception could cause unnecessary delay in the course of litigation. Instead, a mandamus action brought as an original action in the Supreme Court would offer the parties a more expedient method of review and would prevent use of a meritless motion to disqualify to bring the proceedings to a halt.

## CONCLUSION

The district court's order denying disqualification of Trainum's counsel is not a final, appealable order because it does not affect a substantial right of Trainum. While the exception to the final order requirement in *Richardson v. Griffiths*, 251 Neb. 825, 560 N.W.2d 430 (1997), is the appropriate method to seek review of a lower court's order granting disqualification of counsel, such exception is not the appropriate method of seeking review of a lower court's order denying disqualification. Instead, aggrieved parties should bring an original action seeking a writ of mandamus compelling counsel disqualification. Therefore, this court does not have jurisdiction over Sutherland's direct appeal, and the appeal is dismissed.

APPEAL DISMISSED.

WRIGHT, J., not participating.