703 N.W.2d 905 (2005)
270 Neb. 454
STATE OF FLORIDA ex rel. Department of Insurance of the State of Florida, receiver for the United Southern Assurance Company, a Florida corporation authorized to transact an insurance business in Florida, appellee,
v.
COUNTRYWIDE TRUCK INSURANCE AGENCY, INC., a Florida corporation, appellee, and
Countrywide Insurance Agency, Inc., a Nebraska corporation, and David L. Fulkerson, appellants.
No. S-04-686.
Supreme Court of Nebraska.
September 30, 2005.
*907 William E. Gast, P.C., L.L.O., and Michael D. McClellan, of Nelson McClellan, Omaha, for appellants.
Robert F. Craig, P.C., Omaha, and, on brief, Shawn M. Grimsley for appellee State of Florida.
HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
McCORMACK, J.

NATURE OF CASE
This is an appeal from the denial of a motion for recusal filed by the appellants, Countrywide Insurance Agency, Inc., and David L. Fulkerson.

BACKGROUND
A detailed recitation of the factual background of this case is set forth in State of Florida v. Countrywide Truck Ins. Agency, 258 Neb. 113, 602 N.W.2d 432 (1999). Set forth below are the facts relevant to the denial of the appellants' motion for recusal.
The State of Florida on the relation of the Department of Insurance of the State of Florida is the receiver of United Southern Assurance Company, an insolvent insurance company. On January 12, 1998, the State of Florida filed a petition in the district court for Douglas County alleging that Countrywide Truck Insurance Agency, Inc. (Truck), collected premiums for United Southern Assurance Company but failed to remit them pursuant to the parties' agreement. The petition further alleged that Countrywide Insurance Agency is the "alter ego" of Truck and that Fulkerson is the operator, director, and controlling person of both Truck and Countrywide Insurance Agency.
The appellants filed a motion for partial summary judgment on the issue of whether they are liable to the State of Florida based on the theory of alter ego. The motion was denied. Approximately 3 months later, the appellants filed a motion seeking the recusal of the district court judge based on partiality or bias. In their motion for recusal, the appellants argued that the district court judge should recuse himself because (1) the court continually failed to make the distinction between the defaulting defendant, Truck, and the nondefaulting defendants, Countrywide Insurance Agency and Fulkerson, and that this action on the part of the court indicates a bias or prejudice, and (2) the court's order incorrectly observed that the motion for partial summary judgment requested that "[d]efendant Fulkerson should be dismissed from this lawsuit" when in fact there was no such request in the motion.
On May 24, 2004, the district court overruled the appellants' motion for recusal. Prior to the denial of their motion, the appellants, on May 21, petitioned this court for a writ of mandamus compelling the recusal of the district court judge. Before any action had been taken on this outstanding petition, the appellants, on June 1, perfected the present appeal, contesting the district court's denial of their motion for recusal. On June 9, we denied the appellants' writ of mandamus.
*908 On appeal, the appellants argue that the district court erred in denying their motion for recusal.

ASSIGNMENT OF ERROR
The appellants allege that the district court erred in denying their motion for recusal.

STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. Trainum v. Sutherland Assocs., 263 Neb. 778, 642 N.W.2d 816 (2002).

ANALYSIS
Before we address the appellants' assignment of error, we must determine whether this court has jurisdiction to adjudicate the instant appeal. In order for this court to possess jurisdiction, the district court's order denying the appellants' motion for recusal must be a final order or appealable under an exception to the final order requirement.
Generally, for an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. Conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. Pennfield Oil Co. v. Winstrom, 267 Neb. 288, 673 N.W.2d 558 (2004); Richardson v. Griffiths, 251 Neb. 825, 560 N.W.2d 430 (1997). The order in this case is not a final order, and it is not contended to be so by the appellants. Rather, the appellants claim that the order falls within the exception to the final order rule set forth in Richardson v. Griffiths, supra. In Richardson, we adopted the following exception to the final order requirement: If an appeal from an order of disqualification involves issues collateral to the basic controversy and if an appeal from a judgment dispositive of the entire case would not be likely to protect the client's interests, interlocutory review is appropriate. See Trainum v. Sutherland Assocs., supra.
We conclude that the Richardson collateral order exception does not apply in the instant case. We agree that in some cases, a motion for a trial judge to recuse himself or herself may be based on considerations that are collateral to the merits of the controversy. E.g., generally, Neb. Code of Jud. Cond., Canon 3E(1) (rev. 2000). But even assuming that an appeal from the denial of such a motion involves issues that are collateral to the basic controversy, the collateral order exception does not apply because the parties' interests can adequately be protected in an appeal from a judgment dispositive of the entire cause.
For this reason, it has generally been held that the collateral order exception to the finality requirement does not encompass an order denying a motion to recuse. See, e.g., In re Martinez-Catala, 129 F.3d 213 (1st Cir.1997); Nobby Lobby, Inc. v. City of Dallas, 970 F.2d 82 (5th Cir.1992); Krieg v. Krieg, 743 A.2d 509 (Pa.Super.1999). Recusal questions are fully reviewable on an appeal from a final judgment, and, therefore, the collateral order exception is unavailable. See In re Corrugated Container Antitrust Litigation, 614 F.2d 958 (5th Cir.1980). See, also, In re Cargill, Inc., 66 F.3d 1256 (1st Cir.1995); State v. Forte, 150 Vt. 654, 553 A.2d 564 (1988). As stated by the Seventh Circuit, in a plaintiff's attempted appeal from a judge's refusal to disqualify himself,

*909 strong judicial policy considerations caution against allowing piecemeal appeals through the review of otherwise unappealable orders in the course of considering substantively unrelated interlocutory appeals. . . . Since the plaintiff will be able to obtain appellate review of the order denying disqualification after a final decision on the merits, thus allowing for a full contextual assessment of any possible appearance of impropriety. . . we decline to contravene settled judicial policy in order to permit intermediate appeal on this issue.
Alexander v. Chicago Park Dist., 709 F.2d 463, 470-71 (7th Cir.1983). We agree, and we reach the same conclusion.
Thus, the collateral order exception does not apply to the denial of a motion for recusal, and the parties do not contend that the denial of this motion was a final, appealable order for any other reason. Cf. State v. Sklenar, 269 Neb. 98, 690 N.W.2d 631 (2005) (concluding that denial of motions to discharge violation of probation and to recuse judge did not present final, appealable order). In the absence of a judgment or a valid order finally disposing of this case, we are without jurisdiction and, therefore, we cannot consider the appellants' assignment of error. See Smith v. Lincoln Meadows Homeowners Assn., 267 Neb. 849, 678 N.W.2d 726 (2004).
APPEAL DISMISSED.