Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/14/2017 09:11 AM CDT

Bryan R. Heckman, appellee, v.
Regina M. Marchio, appellant.

___ N.W.2d ___

Filed April 21, 2017.    No. S-16-379.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.
2. **Courts: Jurisdiction: Legislature: Appeal and Error.** In order for the Nebraska Supreme Court to have jurisdiction over an appeal, appellate jurisdiction must be specifically provided by the Legislature.
3. **Appeal and Error.** The right of appeal in Nebraska is purely statutory.
4. ____. Unless a statute provides for an appeal, such right does not exist.
5. **Constitutional Law: Jurisdiction: Appeal and Error.** Except in those cases wherein original jurisdiction is specifically conferred by Neb. Const. art. V, § 2, the Nebraska Supreme Court exercises appellate jurisdiction.
6. **Constitutional Law.** Nebraska's separation of powers clause prohibits the three governmental branches from exercising the duties and prerogatives of another branch.
7. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.
8. **Courts: Jurisdiction: Legislature: Statutes: Appeal and Error.** Through the enactment of statutes, the Legislature has prescribed when a court may exercise appellate jurisdiction; the judicial branch may not circumvent such statutory authorization.
9. **Courts: Legislature: Statutes: Time: Appeal and Error.** Just as courts have no power to extend the time set by the Legislature for taking an appeal, courts have no power to allow an appeal where it is not authorized by statute.
10. **Public Policy.** While the doctrine of stare decisis is entitled to great weight, it is grounded in the public policy that the law should be stable, fostering both equality and predictability of treatment.

11. **Appeal and Error.** Remaining true to an intrinsically sounder doctrine better serves the values of stare decisis than following a more recently decided case inconsistent with the decisions that came before it.

12. **Jurisdiction: Final Orders: Case Overruled.** The Nebraska Supreme Court's decision in *Richardson v. Griffiths*, 251 Neb. 825, 560 N.W.2d 430 (1997), and cases relying upon it are overruled to the extent that they authorized appellate jurisdiction in the absence of a judgment or final order and without specific statutory authorization.

Appeal from the District Court for Dodge County: Geoffrey C. Hall, Judge. Appeal dismissed.

Jeremy Jorgenson and David J. Reed, of Jorgenson, Reed & VandenBosch, L.L.C., for appellant.

Julie Fowler and Brendan M. Kelly, of Fowler & Kelly Law, L.L.P., for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Cassel, J.

## INTRODUCTION

This is an appeal from an order disqualifying counsel in a civil case. Twenty years ago, this court "adopt[ed] the rule articulated in [a Massachusetts decision[1]]" to allow for an immediate appeal from a nonfinal order such as this.[2] In doing so, we improperly exceeded our statutory and constitutional authority. Because an appeal from the order at issue is not statutorily authorized, we dismiss the appeal.

## BACKGROUND

Bryan R. Heckman filed a complaint against Regina M. Marchio, seeking to establish paternity, custody, and support of a minor child born to the parties. Sometime thereafter, he moved to disqualify Marchio's attorney. Following a hearing

---

[1] See *Maddocks v. Ricker*, 403 Mass. 592, 531 N.E.2d 583 (1988).

[2] *Richardson v. Griffiths*, 251 Neb. 825, 831, 560 N.W.2d 430, 435 (1997).

on the motion, the district court entered an order granting the motion to disqualify Marchio's attorney. Marchio timely filed a motion to reconsider, which the court denied. Marchio filed a purported appeal from that order, and we moved the case to our docket.[3]

## ASSIGNMENTS OF ERROR

Marchio assigns seven errors, all of which relate to the district court's disqualification of her privately retained legal counsel.

## STANDARD OF REVIEW

[1] A jurisdictional issue that does not involve a factual dispute presents a question of law, which an appellate court independently decides.[4]

## ANALYSIS

Marchio asserts that the order of disqualification is appealable under *Richardson v. Griffiths*.[5] As explained below, we exceeded our statutory and constitutional authority in adopting the so-called *Richardson* exception to the final order requirement. In doing so, we improperly circumvented our final order statute[6] and improperly expanded our own jurisdiction.

### FOUNDATION AND CONSTITUTIONAL UNDERPINNINGS FOR APPELLATE JURISDICTION

[2-4] Recently, we stated that in order for this court to have jurisdiction over an appeal, appellate jurisdiction must be specifically provided by the Legislature.[7] This fundamental

---

[3] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

[4] *Addy v. Lopez*, 295 Neb. 635, 890 N.W.2d 490 (2017).

[5] *Richardson v. Griffiths, supra* note 2.

[6] See Neb. Rev. Stat. § 25-1902 (Reissue 2016).

[7] See *Huskey v. Huskey*, 289 Neb. 439, 855 N.W.2d 377 (2014).

principle was not new. In 1873, this court stated that "no appeal exists except by authority of statute"[8] and that "appeals do not exist by any right other than by statute."[9] Over and over, we have iterated that the right of appeal in Nebraska is "purely statutory."[10] In other words, unless a statute provides for an appeal, such right does not exist.[11] The right to appeal did not exist at common law.[12]

[5,6] The Nebraska Constitution allocates the regulation of appellate jurisdiction to the Legislature, not to this court. Except in those cases wherein original jurisdiction is specifically conferred by Neb. Const. art. V, § 2, the Nebraska Supreme Court exercises appellate jurisdiction.[13] The Nebraska Constitution expressly provides for "such appellate jurisdiction as may be provided by law."[14] The Nebraska Constitution also divides the powers of the government into

---

[8] *The Sioux City and Pacific R. R. v. Washington County, etc.*, 3 Neb. 30, 34 (1873).

[9] *Irwin, et ux. v. Calhoun & Croxton*, 3 Neb. 453, 454 (1873).

[10] See *Huskey v. Huskey, supra* note 7, 289 Neb. at 448, 855 N.W.2d at 385. Accord, *Languis v. De Boer*, 181 Neb. 32, 146 N.W.2d 750 (1966); *Elliott v. City of Auburn*, 172 Neb. 1, 108 N.W.2d 328 (1961); *McDonald v. Rentfrow*, 171 Neb. 479, 106 N.W.2d 682 (1960); *Watkins v. Dodson*, 159 Neb. 745, 68 N.W.2d 508 (1955); *From v. Sutton*, 156 Neb. 411, 56 N.W.2d 441 (1953); *Mid-Continent Airlines, Inc. v. State Board*, 154 Neb. 371, 48 N.W.2d 81 (1951); *Loup River Public Power District v. Platte County*, 135 Neb. 21, 280 N.W. 430 (1938); *Roberts v. City of Mitchell*, 131 Neb. 672, 269 N.W. 515 (1936); *McCague Investment Co. v. Metropolitan Water District*, 101 Neb. 820, 165 N.W. 158 (1917); *Whedon v. Lancaster County*, 76 Neb. 761, 107 N.W. 1092 (1906); *Hacker v. Howe*, 72 Neb. 385, 101 N.W. 255 (1904); *Clarke v. Nebraska Nat. Bank*, 49 Neb. 800, 69 N.W. 104 (1896); *Chicago, B. & Q. R. Co. v. Headrick*, 49 Neb. 286, 68 N.W. 489 (1896).

[11] See *From v. Sutton, supra* note 10.

[12] See, *id.*; *Hanika v. State*, 87 Neb. 845, 128 N.W. 526 (1910); *Wilcox v. Saunders*, 4 Neb. 569 (1876).

[13] *Huskey v. Huskey, supra* note 7.

[14] Neb. Const. art. V, § 2.

three distinct departments—legislative, executive, and judi-
cial.[15] Nebraska's separation of powers clause[16] prohibits the
three governmental branches from exercising the duties and
prerogatives of another branch.[17] These constitutional provi-
sions prevent courts from inventing rules to enlarge appel-
late jurisdiction.

We have applied these principles in numerous ways. We
have said that an appellate court acquires no jurisdiction
unless the appellant has satisfied the statutory requirements
for appellate jurisdiction.[18] We have also said that when the
Legislature fixes the time for taking an appeal, the courts
have no power to extend the time directly or indirectly.[19] Long
ago, we explained that the Legislature has general power to
fix the time limit for taking an appeal and, having prescribed
such time, that the trial court has no power to extend the time
directly or indirectly.[20]

[7] Directly to the point, we have said that for an appel-
late court to acquire jurisdiction of an appeal, the party must
be appealing from a final order or a judgment.[21] And we have
recited this principle or its equivalent so many times as not to
require further citation.

### RICHARDSON EXCEPTION

In 1997, this court decided *Richardson v. Griffiths*.[22] We
were confronted with an issue similar to the issue now before

---

[15] See Neb. Const. art. II, § 1.

[16] *Id.*

[17] *Adams v. State*, 293 Neb. 612, 879 N.W.2d 18 (2016).

[18] See *Wright v. Omaha Pub. Sch. Dist.*, 280 Neb. 941, 791 N.W.2d 760
(2010).

[19] See *Fitzgerald v. Fitzgerald*, 286 Neb. 96, 835 N.W.2d 44 (2013).

[20] See *Morrill County v. Bliss*, 125 Neb. 97, 249 N.W. 98 (1933).

[21] See *Nichols v. Nichols*, 288 Neb. 339, 847 N.W.2d 307 (2014).

[22] *Richardson v. Griffiths, supra* note 2.

us. In *Richardson*, the issue was whether a law firm should be disqualified from representing the appellants because of a prior contact between one of the appellees and an attorney with the law firm. We observed that the district court's order disqualifying the law firm was not a final order, but we determined that the order was appealable under an exception to the final order requirement.

We did not, however, provide any statutory authority for the purported exception. Rather, we quoted the holding from a Massachusetts case that "'if the appeal from an order of disqualification involves issues collateral to the basic controversy and if an appeal from a judgment dispositive of the entire case would not be likely to protect the client's interests, interlocutory review is appropriate.'"[23] Without any analysis as to how that rule fits with our statutory requirement of a final order, we adopted the rule as an exception to the final order requirement. In subsequent cases, we referred to the above rule as the "*Richardson* exception to the final order requirement."[24] We have used our decision in *Richardson* or its progeny on eight occasions (one implicitly) to provide for jurisdiction.[25] On one occasion, we allowed an appeal from an order disqualifying

---

[23] *Id.* at 831, 560 N.W.2d at 435, quoting *Maddocks v. Ricker, supra* note 1.

[24] See *Trainum v. Sutherland Assocs.*, 263 Neb. 778, 783, 642 N.W.2d 816, 820 (2002). Accord, *Mutual Group U.S. v. Higgins*, 259 Neb. 616, 611 N.W.2d 404 (2000); *Hawkes v. Lewis*, 255 Neb. 447, 586 N.W.2d 430 (1998). See, also, *State v. Dunlap*, 271 Neb. 314, 710 N.W.2d 873 (2006); *State of Florida v. Countrywide Truck Ins. Agency*, 270 Neb. 454, 703 N.W.2d 905 (2005); *Pennfield Oil Co. v. Winstrom*, 267 Neb. 288, 673 N.W.2d 558 (2004).

[25] See, *Beller v. Crow*, 274 Neb. 603, 742 N.W.2d 230 (2007); *State v. Kawa*, 270 Neb. 992, 708 N.W.2d 662 (2006); *State v. Ehlers*, 262 Neb. 247, 631 N.W.2d 471 (2001); *Mutual Group U.S. v. Higgins, supra* note 24; *Detter v. Schreiber*, 259 Neb. 381, 610 N.W.2d 13 (2000); *Hawkes v. Lewis, supra* note 24; *Bechtold v. Gomez*, 254 Neb. 282, 576 N.W.2d 185 (1998); *Richardson v. Griffiths, supra* note 2.

an attorney under a concept referred to as the "collateral order doctrine."[26] But the U.S. Supreme Court has disallowed interlocutory appeals of orders disqualifying counsel in civil cases and has specifically held that such orders do not fall within the collateral order doctrine applicable in the federal court system.[27] Our *Richardson* decision did not mention the U.S. Supreme Court's decision.

This absence of any statutory basis for the *Richardson* exception did not go unnoticed. One commentator stated:

> An appellate court has only the jurisdiction that the statutes give. The court glossed over that fact in *Richardson* when it recognized an exception to the final judgment rule for which it cited no statutory basis. It is unlikely that the omission of a statutory cite was inadvertent. Section 25-1902 specifies three types of final orders, which implies that there are no others. The court therefore has no statutory basis for recognizing another type of final order.[28]

[8,9] This court should not have adopted the *Richardson* exception to the final order requirement. We used it to provide for appellate jurisdiction where none would otherwise exist. Through the enactment of statutes, the Legislature has prescribed when a court may exercise appellate jurisdiction; the judicial branch may not circumvent such statutory authorization. Just as courts have no power to extend the time set by the Legislature for taking an appeal,[29] courts have no power to allow an appeal when it is not authorized by statute.

---

[26] See *Jacob North Printing Co. v. Mosley*, 279 Neb. 585, 779 N.W.2d 596 (2010).

[27] See *Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 105 S. Ct. 2757, 86 L. Ed. 2d 340 (1985).

[28] John P. Lenich, *What's So Special About Special Proceedings? Making Sense of Nebraska's Final Order Statute*, 80 Neb. L. Rev. 239, 308 (2001).

[29] See *Fitzgerald v. Fitzgerald, supra* note 19.

The commentator,[30] in a respectful way, exposed our usurpation of legislative authority. He recommended using the language of the collateral order doctrine because "[i]t squares with what the court is doing."[31] And then, recognizing that we had "no statutory basis for recognizing another type of final order"[32] and that our interpretation was "neither supported by the language nor the history of the statute,"[33] he attempted to cover our mistake in the rubric of legislative acquiescence. That gave us too much credit.

Legislative acquiescence does not apply. Where a statute has been judicially construed and that construction has not evoked an amendment, it will be presumed that the Legislature has acquiesced in the court's determination of the Legislature's intent.[34] But in applying the *Richardson* exception, we have never purported to interpret a statute as allowing for an interlocutory appeal. Thus, there has been no interpretation of any statute in which the Legislature could be characterized to have acquiesced. Quite to the contrary, this court admitted that the disqualification order "d[id] not meet any of the definitions of a final order."[35] Nonetheless, without citing any statute, we baldly proclaimed an exception.

Moreover, in analogous circumstances, judges have soundly rejected legislative acquiescence. In *State v. Burlison*,[36] a concurring opinion addressed a dissent's assertion that the Legislature acquiesced in this court's earlier holding (overruled in *Burlison*) that malice was an essential element of second

---

[30] See Lenich, *supra* note 28.

[31] *Id*. at 307.

[32] *Id.* at 308.

[33] *Id.*

[34] *Parnell v. Good Samaritan Health Sys.*, 260 Neb. 877, 620 N.W.2d 354 (2000).

[35] *Richardson v. Griffiths, supra* note 2, 251 Neb. at 830, 560 N.W.2d at 434.

[36] *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998) (Wright, J., concurring; Connolly and Gerrard, JJ., join).

degree murder. We observed in *Burlison* that all crimes are statutory in Nebraska.[37] Here, as we have already explained, appellate jurisdiction in Nebraska is purely statutory. The concurrence stated:

> An appellate court is empowered to construe a statute, but it may not assume the role of the Legislature. Therefore, judicial construction is constitutionally permissible, but judicial legislation is not. Insertion of the element of malice into [Neb. Rev. Stat.] § 28-304 [(Reissue 2016)] was not a judicial construction of the legislative intent of the statute, but amounted to judicial legislation, which violated article II, § 1, of the Nebraska Constitution.[38]

Although *Burlison* addressed substantive law and we address procedure, the same principle applies to appellate jurisdiction: An appellate court is empowered to construe a statute governing when an appeal may be taken, but it may not engage in judicial legislation by proclaiming an exception contrary to statute. The *Richardson* exception was not a judicial construction of § 25-1902; instead, adoption of the exception amounted to judicial legislation.

[10,11] Respect for precedent should not prevent us from restoring our adherence to the Nebraska Constitution and statutes. We have said that while the doctrine of stare decisis is entitled to great weight, it is grounded in the public policy that the law should be stable, fostering both equality and predictability of treatment.[39] And we have recognized that overruling precedent is justified when the purpose is to eliminate inconsistency.[40] Thus, we said that remaining true to an intrinsically sounder doctrine better serves the values

---

[37] *State v. Burlison, supra* note 36.

[38] *Id.* at 201-02, 583 N.W.2d at 39 (Wright, J., concurring; Connolly and Gerrard, JJ., join).

[39] *State v. Hausmann*, 277 Neb. 819, 765 N.W.2d 219 (2009).

[40] See *id.*

of stare decisis than following a more recently decided case inconsistent with the decisions that came before it.[41] The U.S. Supreme Court has identified a number of relevant factors in deciding whether to adhere to the principle of stare decisis, including workability, the antiquity of the precedent, whether the decision was well reasoned, whether experience has revealed the precedent's shortcomings, and the reliance interests at stake.[42] The Court explained that "reliance interests are important considerations in property and contract cases, where parties may have acted in conformance with existing legal rules in order to conduct transactions."[43] But we see no history showing that people have structured their transactions or behavior in reliance on the *Richardson* exception. Here, fundamental principles compel corrective action. Having recognized, however belatedly, that the *Richardson* exception represents judicial legislation proscribed by the Nebraska Constitution, we cannot allow the doctrine of stare decisis to perpetuate our mistake.

[12] We therefore overrule our decision in *Richardson v. Griffiths*[44] and cases relying upon it[45] to the extent that they authorized appellate jurisdiction in the absence of a judgment or final order and without specific statutory authorization.

Although policy reasons were proffered in support of such an exception, these arguments must be addressed to the Legislature. We acknowledge that two states have

---

[41] *Id.*

[42] See *Citizens United v. Federal Election Comm'n*, 558 U.S. 310, 130 S. Ct. 876, 175 L. Ed. 2d 753 (2010).

[43] *Id.*, 558 U.S. at 365.

[44] *Richardson v. Griffiths, supra* note 2.

[45] See, *Jacob North Printing Co. v. Mosley, supra* note 26 (collateral order doctrine); *Beller v. Crow, supra* note 25; *State v. Kawa, supra* note 25; *State v. Ehlers, supra* note 25; *Mutual Group U.S. v. Higgins, supra* note 24; *Detter v. Schreiber, supra* note 25; *Hawkes v. Lewis, supra* note 24; *Bechtold v. Gomez, supra* note 25. See, also, *McKenzie v. City of Omaha*, 12 Neb. App. 109, 668 N.W.2d 264 (2003).

specifically authorized an interlocutory appeal from an order disqualifying an attorney for any party.[46] But the key policy question is whether a disqualification order can effectively be reviewed following a judgment on the merits. The U.S. Supreme Court decisively concluded that effective review was possible.[47] All that is required is a "willing[ness] when necessary to set aside verdicts—even when they result from lengthy civil proceedings."[48] We rely upon the Legislature, exercising its proper constitutional authority, to determine whether the *Richardson* exception should be placed in our statutory law.

## CONCLUSION

Because this appeal was not taken from a final order and because we overrule our line of decisions purporting to authorize an interlocutory appeal, we dismiss the appeal.

Appeal dismissed.

---

[46] See Ark. R. App. P.—Civ. 2(a)(8) (2014), and Ill. S. Ct. R. 306(a)(7) (eff. Mar. 8, 2016).

[47] See *Richardson-Merrell Inc. v. Koller, supra* note 27.

[48] *Id.*, 472 U.S. at 442 (Brennan, J., concurring).