Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/06/2018 09:12 AM CDT

E.D., appellee and cross-appellee, v. Bellevue Public
School District, appellant, and Bradley Nord,
appellee and cross-appellant.

___ N.W.2d ___

Filed April 13, 2018.    No. S-17-590.

1. **Jurisdiction: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decision made by the lower court.

2. ____: ____. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

3. **Actions: Jurisdiction.** Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.

4. **Jurisdiction: Statutes: Appeal and Error.** Appellate jurisdiction in Nebraska is purely statutory.

5. **Courts: Jurisdiction: Legislature: Statutes: Appeal and Error.** Through the enactment of statutes, the Legislature has prescribed when a court may exercise appellate jurisdiction; the judicial branch may not circumvent such statutory authorization.

6. **Courts: Legislature: Statutes: Time: Appeal and Error.** Just as courts have no power to extend the time set by the Legislature for taking an appeal, courts have no power to allow an appeal when it is not authorized by statute.

7. **Legislature: Intent.** The intent of the Legislature is expressed by omission as well as by inclusion.

8. **Jurisdiction: Statutes: Judgments: Final Orders: Appeal and Error: Case Overruled.** The Nebraska Supreme Court's decision in *StoreVisions v. Omaha Tribe of Neb.*, 281 Neb. 238, 795 N.W.2d 271 (2011), *modified on denial of rehearing* 281 Neb. 978, 802 N.W.2d 420, is overruled to the extent that it authorized appellate jurisdiction in the absence of a judgment or final order and without specific statutory authorization.

Appeal from the District Court for Sarpy County: George A. Thompson and Stefanie A. Martinez, Judges. Appeal dismissed.

Jeanelle R. Lust and Carly Bahramzad, of Knudsen, Berkheimer, Richardson & Endacott, L.L.P., for appellant.

Matthew A. Lathrop, of Law Office of Matthew A. Lathrop, for appellee E.D.

Thomas J. Culhane and Matthew B. Reilly, of Erickson & Sederstrom, P.C., for appellee Bradley Nord.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, and Funke, JJ., and Steinke, District Judge.

Funke, J.

E.D. brought suit against the Bellevue Public School District (BPS) and Bradley Nord, under the Political Subdivisions Tort Claims Act (PSTCA).[1] This is an appeal and cross-appeal from an order overruling claims of sovereign immunity in separate motions to dismiss. Because an appeal from the order at issue is not statutorily authorized, we dismiss the appeal and cross-appeal.

BACKGROUND

In November 2016, E.D. filed a complaint in district court alleging various negligence claims against BPS and Nord. In the complaint, E.D. alleged, inter alia, the following: While Nord was a BPS teacher and E.D. was a BPS student, above the age of legal consent, Nord made nonconsensual sexual contact with E.D. that began a nearly yearlong sexual relationship between the two occurring primarily on BPS premises.

E.D.'s negligence claims assert, generally, that BPS breached its duty to provide a safe environment to students and to enact reasonable policies governing an extracurricular teacher's

---

[1] Neb. Rev. Stat. § 13-901 et seq. (Reissue 2012).

aide program, which paired E.D. and Nord, to protect students. E.D. claims that her harm was a foreseeable result of BPS' negligence.

BPS and Nord filed separate motions to dismiss claiming sovereign immunity under the PSTCA's intentional tort exception,[2] which motions the court denied. Nord filed a motion to reconsider or to alter or amend, which the court also denied. BPS filed a timely appeal, and Nord cross-appealed.

The Nebraska Court of Appeals dismissed BPS' appeal for lack of jurisdiction, under Neb. Ct. R. App. P. § 2-107(A)(2) (rev. 2017), finding the ruling on the motion to dismiss was not a final, appealable order. BPS filed a motion for reconsideration. The Court of Appeals granted the motion for reconsideration and reinstated the appeal. We removed the case to our docket on our own motion pursuant to our authority to regulate the caseloads of the Court of Appeals and this court.[3]

## ASSIGNMENTS OF ERROR

BPS assigns, restated, that the court erred (1) in not finding it was entitled to immunity in this case; (2) in failing to dismiss all allegations of negligence against it because Nord's intentional acts were the "but for" cause of the allegations; and (3) in relying on third-party, instead of political subdivision employee, intentional act cases.

On cross-appeal, Nord assigns, restated, that the court erred in failing to find that he was entitled to immunity under the PSTCA.

## STANDARD OF REVIEW

[1] When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decision made by the lower court.[4]

---

[2] See § 13-910(7).

[3] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

[4] *Tilson v. Tilson, ante* p. 64, 907 N.W.2d 31 (2018).

## ANALYSIS

E.D. argues this court is without statutory authority to consider this appeal because the court's order was not final and the collateral order doctrine does not apply in this case.

BPS concedes that the order it appealed from is not a final order but argues that we have jurisdiction over its appeal under the collateral order doctrine. It also asserts that E.D. is precluded from raising the issue of jurisdiction before this court because the Court of Appeals' decision to grant its motion for reconsideration and reinstate the appeal is the law of the case.

### This Court Is Not Precluded From Considering Jurisdiction

[2,3] Before reaching the legal issues presented for review, it is our duty to determine whether we have jurisdiction over this appeal.[5] Lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.[6]

Further, the law-of-the-case doctrine, which precludes a trial court from reconsidering issues decided by an appellate court,[7] in no way precludes the Nebraska Supreme Court from reconsidering decisions by the Court of Appeals.[8] Additionally, the Court of Appeals' reinstatement of the appeal was not a determination of the jurisdictional issue but only a determination that there was not a clear lack of jurisdiction under settled precedent.

### There Is No Statutory Authority for Present Appeal

[4] We have long held that appellate jurisdiction in Nebraska is purely statutory and an appellate court acquires

---

[5] *Id.*

[6] *Cappel v. State*, 298 Neb. 445, 905 N.W.2d 38 (2017).

[7] See *State v. Lavalleur*, 298 Neb. 237, 903 N.W.2d 464 (2017).

[8] See Neb. Rev. Stat. § 25-204 (Reissue 2016).

no jurisdiction unless the appellant has satisfied the statutory requirements for appellate jurisdiction.[9]

For an appellate court to acquire jurisdiction of an appeal, the party must be appealing from a final order or a judgment.[10] The Legislature has defined a "judgment" as "the final determination of the rights of the parties in an action."[11] Conversely, every direction of a court or judge, made or entered in writing and not included in a judgment, is an order.[12]

The three types of final orders that an appellate court may review are (1) an order that affects a substantial right and that determines the action and prevents a judgment, (2) an order that affects a substantial right made during a special proceeding, and (3) an order that affects a substantial right made on summary application in an action after a judgment is rendered.[13] In contrast, if an order is interlocutory, immediate appeal from the order is disallowed so that courts may avoid piecemeal review, chaos in trial procedure, and a succession of appeals granted in the same case to secure advisory opinions to govern further actions of the trial court.[14]

The overruling of a motion to dismiss is typically not a final order.[15] BPS conceded that the court's order overruling its motion to dismiss was not a final order, and we agree.

In *StoreVisions v. Omaha Tribe of Neb.*,[16] however, we held that an appeal from an interlocutory order denying sovereign

---

[9] See *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017). See, also, Neb. Const. art. V, § 2.

[10] *Heckman, supra* note 9. See, also, Neb. Rev. Stat. §§ 25-1911 and 25-1912 (Reissue 2016).

[11] Neb. Rev. Stat. § 25-1301 (Reissue 2016).

[12] Neb. Rev. Stat. § 25-914 (Reissue 2016).

[13] *Tilson, supra* note 4. See, also, Neb. Rev. Stat. § 25-1902 (Reissue 2016).

[14] *Tilson, supra* note 4.

[15] *State v. Combs*, 297 Neb. 422, 900 N.W.2d 473 (2017), citing *StoreVisions v. Omaha Tribe of Neb.*, 281 Neb. 238, 795 N.W.2d 271 (2011), *modified on denial of rehearing* 281 Neb. 978, 802 N.W.2d 420.

[16] *StoreVisions, supra* note 15.

immunity vested this court with jurisdiction, under the collateral order doctrine. To fall within the doctrine, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment.[17]

Our holding in *StoreVisions* was a continuation of several decisions in which we applied the collateral order doctrine to the appeals of nonfinal orders, the genesis of which was our decision in *Richardson v. Griffiths*.[18] In *Richardson*, we addressed the applicability of the collateral order doctrine and determined that a district court's order disqualifying an attorney was appealable despite the fact that it was not a final order.[19] We applied the three factors set forth above and concluded that the collateral order doctrine authorized us to hear the appeal.[20]

Recently, however, in *Heckman v. Marchio*,[21] we overruled our decision in *Richardson* and the cases relying upon its application of the collateral order doctrine, which they primarily referred to as the *Richardson* exception, "to the extent that they authorized appellate jurisdiction in the absence of a judgment or final order and without specific statutory authorization."[22]

[5,6] *Heckman* also concerned an appeal from a court's granting of a motion to disqualify counsel in a civil case. In *Heckman*, we stated that our decision in *Richardson* had been directly contrary to a U.S. Supreme Court decision which specifically rejected the application of the collateral

---

[17] *Id.*

[18] *Richardson v. Griffiths*, 251 Neb. 825, 560 N.W.2d 430 (1997), *overruled, Heckman, supra* note 9.

[19] See *Williams v. Baird*, 273 Neb. 977, 735 N.W.2d 383 (2007).

[20] *Richardson, supra* note 18.

[21] *Heckman, supra* note 9, 296 Neb. at 467, 894 N.W.2d at 303.

[22] See, e.g., *Williams, supra* note 19.

order doctrine to orders disqualifying counsel in civil cases.[23] However, we also disavowed *Richardson* based on the lack of statutory authority for the decision. We stated:

> We used [the *Richardson* exception] to provide for appellate jurisdiction where none would otherwise exist. Through the enactment of statutes, the Legislature has prescribed when a court may exercise appellate jurisdiction; the judicial branch may not circumvent such statutory authorization. Just as courts have no power to extend the time set by the Legislature for taking an appeal, courts have no power to allow an appeal when it is not authorized by statute.[24]

While our holding in *Heckman* was limited to overruling *Richardson* and our use of the *Richardson* exception, our reasoning therein is directly at odds with our continued application of the collateral order doctrine to an interlocutory order denying sovereign immunity.

In *StoreVisions*,[25] the defendant appealed after the court denied its motion to dismiss raising a defense of sovereign immunity. On appeal, we determined that the order appealed from was not final. Nevertheless, citing our opinions in *Hallie Mgmt. Co. v. Perry*[26] and *Williams v. Baird*,[27] we considered the collateral order doctrine and concluded that an order denying sovereign immunity was immediately reviewable, following U.S. Supreme Court precedent.[28]

However, like in *Richardson*,[29] we did not provide any statutory authority for the application of the collateral order

---

[23] See *Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 105 S. Ct. 2757, 86 L. Ed. 2d 340 (1985).

[24] *Heckman, supra* note 9, 296 Neb. at 464, 894 N.W.2d at 301.

[25] *StoreVisions, supra* note 15.

[26] *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 718 N.W.2d 531 (2006).

[27] *Williams, supra* note 19.

[28] See *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993).

[29] *Richardson, supra* note 18.

doctrine to a denial of sovereign immunity in *StoreVisions*, *Hallie*, or *Williams*. *Hallie* and *Williams*, instead, simply relied on our adoption of the collateral order doctrine in *Richardson* and cited the U.S. Supreme Court decision recognizing the doctrine.[30] While, unlike in *Richardson*, the U.S. Supreme Court does apply the collateral order doctrine to the denial of sovereign immunity, the broader reasoning of *Heckman*[31]—that this court cannot provide appellate jurisdiction circumventing that expressly prescribed in Nebraska by the Legislature—continues to apply here.

[7] Similar to the court in *Heckman*, we find that our application of the collateral order doctrine to permit appeals from interlocutory orders denying sovereign immunity has no basis in the statutory definition of "final order" in § 25-1902. Section 25-1902 explicitly presents three orders that are considered "final" for the purposes of §§ 25-1911 and 25-1912. The intent of the Legislature is expressed by omission as well as by inclusion.[32] Accordingly, our decision treating the doctrine as an exception to this statute or, effectively, as a fourth type of final order amounted, instead, to impermissible judicial legislation.

[8] While the issues of legislative acquiescence and stare decisis are implicated in our current reconsideration of *StoreVisions*[33] to the same extent as in *Heckman*, such issues were adequately resolved in *Heckman* and need not be restated here, as that analysis applies with equal force to this context. Therefore, we overrule *StoreVisions* to the extent that it authorized appellate jurisdiction in the absence of a judgment or final order and without specific statutory authorization.

---

[30] See *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S. Ct. 1221, 93 L. Ed. 1528 (1949).

[31] *Heckman, supra* note 9.

[32] *In re Interest of Samantha C.*, 287 Neb. 644, 843 N.W.2d 665 (2014).

[33] *StoreVisions, supra* note 15.

## CONCLUSION

Because this appeal was from a nonfinal order and because we overrule the application of the collateral order doctrine to the extent that it authorizes an interlocutory appeal from a denial of sovereign immunity, we dismiss the appeal and cross-appeal.

APPEAL DISMISSED.

WRIGHT, J., not participating.